16270.   HULL & COWAN COMPANY *v.* DORMINEY.

Construing the entire contract together, the guarantor's liability was conditioned on failure of the manufacturer to ship brick according to his agreement.

The court did not err in sustaining the general demurrer to the petition.

DECIDED OCTOBER 19, 1925.

Complaint; from Ben Hill superior court—Judge Crum. January 16, 1925.

Hull & Cowan Company sued A. B. C. Dorminey upon a contract which was as follows: "This agreement, made and executed in triplicate this 11th day of January, A. D. 1922, by and between H. W. Kennedy, trading as Ludowici Brick and Tile Company, of Ludowici, Georgia, and A. B. C. Dorminey, of Fitzgerald, Georgia, hereinafter called the first parties, and Henry H. Hull and W. M. Mason Jr., copartners trading as Hull & Cowan Company, of Jacksonville, Florida, hereinafter called the second parties, witnesses that, for and in consideration of the sum of ten dollars ($10.00) and other valuable considerations mutually interchanged between the parties hereto, and in further consideration of the mutual agreements of said parties hereinafter contained, the said parties mutually contract and agree as follows:

"1. That the said A. B. C. Dorminey is the owner of the brick plant and property connected therewith now operated by said Kennedy, at Ludowici, Georgia, and it is to the mutual interest of all parties to this instrument that said brick plant shall continue in operation.

"2. That all brick manufactured at plant of first parties at Ludowici, Georgia, aforesaid, shall be shipped on Hull & Cowan Company's orders, except a small quantity which may be sold locally at Ludowici, Georgia, not to exceed one carload a week for such local sales.

"3. That the second parties shall pay, for all brick so shipped on their orders, the prevailing wholesale market price at Ludowici, Georgia, at time of such shipments respectively; and that such market prices per thousand brick so ordered and shipped one dollar ($1.00) shall be credited by second parties on indebtedness of said H. W. Kennedy, trading as Ludowici Brick and Tile Company, owing to said second parties, now amounting to $2600.00, and the remainder of such market price per thousand brick shall be paid to said H. W. Kennedy, trading as Ludowici Brick and Tile Company, in cash. Second parties shall continue to so credit said H. W. Kennedy, trading as Ludowici Brick and Tile Company, with such one dollar ($1.00) per thousand of such brick so ordered and shipped, until said indebtedness of $2600.00 aforesaid shall have been paid in full with interest. If said indebtedness

is not paid in full in the above manner within seven months from the date of this agreement, said H. W. Kennedy shall pay thereupon any balance then due to second parties, in cash.

"4. That said A. B. C. Dorminey hereby guarantees to second parties that said H. W. Kennedy will ship all brick manufactured as aforesaid; and that in the event said H. W. Kennedy fails to do so, said A. B. C. Dorminey agrees to be responsible to second parties for said $2600.00 and interest, and at the expiration of seven months from the date of this instrument said A. B. C. Dorminey agrees to pay second parties any balance of said $2600.00 indebtedness then due, if such there be, with interest.

"5. Second parties agree to pay two acceptances given by the late firm of Hull & Rivas to said Ludowici Brick and Tile Company in the sum of $500.00 each, and to renew two other acceptances so given in the sum of $500.00 each for sixty days from the maturity thereof, said four acceptances being all of the acceptances of said Hull & Rivas given to said Ludowici Brick and Tile Company now outstanding.

"6. This contract shall inure to the benefit of and be binding upon the heirs, legal representatives, and assigns of all parties hereto, and may be assigned and transferred by second parties to Hull & Cowan Company, a corporation under the laws of Florida, when such corporation shall have been formed."

It was alleged that Kennedy had been credited on said $2600 indebtedness with one dollar per thousand on 257,000 brick, which had been shipped under the terms of said agreement, and judgment was asked against Dorminey for the balance, with interest. The defendant filed a written motion to dismiss the petition, upon the ground that it failed to set forth a cause of action. The court sustained this motion and dismissed the petition. The defendant's contention is that the only liability imposed upon Dorminey by the contract was conditioned upon the failure of Kennedy to ship all brick manufactured by him according to his agreement, and that upon such breach he was to become liable for any unpaid part of said indebtedness at the expiration of seven months. The plaintiff contends that after the seven months expired, all conditions of the contract were eliminated, and that Dorminey then became bound for whatever amount remained due by Kennedy. Nowhere in the petition is it alleged that Kennedy failed or refused to ship all brick manufactured as agreed by the contract.

*Wall & Grantham, Samuel Kassewitz,* for plaintiff.

*A. J. & J. C. McDonald,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) We agree with the contention of the plaintiff in error that, in arriving at the intention of the contracting parties, the entire agreement must be construed together. This is true although it is only the fourth paragraph of the contract which imposes any sort of liability upon the defendant, Dorminey. It is our opinion, however, that, construing this paragraph in connection with and in the light of the other portions of the agreement, the proper interpretation is that arrived at by the trial judge. At the time the contract was entered upon the plaintiff was concerned in collecting his debt against Kennedy; Kennedy was in need of indulgence; Dorminey was interested, as lessor, in the continued operation of the brick plant. The scheme was that if Kennedy was granted indulgence so that he could continue the operation of the plant, and in good faith turned over to the plaintiff its entire output, letting $1 per thousand of the selling price of the brick thus delivered go on the old debt, the old indebtedness could thus be liquidated. The language of the fourth paragraph is that under this arrangement "Dorminey hereby guarantees to second parties [plaintiffs] that said H. W. Kennedy will ship all brick manufactured as aforesaid; and that in the event said H. W. Kennedy fails to do so, said A. B. C. Dorminey agrees to be responsible to said second parties for said $2600 and interest, and at the expiration of seven months from the date of this instrument agrees to pay said second parties any balance of said $2600 indebtedness then due, if such there be, with interest." The fact that in the same sentence in which the good faith of Kennedy is guaranteed, and upon the breach of which the conditional responsibility for the old debt is assumed, the agreement goes on and specifically provides how and when it shall be discharged, does not impose any new and independent obligation; nor does it rid the guarantee of the condition which, in accordance with the entire scheme of the agreement, was expressly stipulated.

*Judgment affirmed. Stephens and Bell, JJ., concur.*